UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER ROSSEAU,

        Plaintiff,

v.

PORT TOWNSEND POLICE DEPARTMENT, et al.,

        Defendants.

CASE NO. 3:23-CV-5554-RJB

ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to Chief United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On June 21, 2023, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he is unemployed. *See* Dkt. 1 at 1. Plaintiff states he has $1,000 in his back account, which is one month of bills. *Id*. at p. 2. Plaintiff owns a 2013 Jeep Compass and has $2,210 in monthly expenses. *Id*.

**Review of the Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the proposed complaint, Plaintiff appears to allege his rights have been violated when "the community" attempted to force him to leave, undermined his living conditions, and harassed him. Dkt. 1-1.

***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiff's Claims**.

*Failure to State a Claim.* Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Here, the proposed complaint does not contain a short, plain statement showing Plaintiff is entitled to relief. Dkt. 1-1. Plaintiff does not provide factual allegations explaining how his rights were violated and the alleged wrong-doing of each defendant. Rather, Plaintiff provides vague, conclusory statements that do not adequately explain the facts of this case or the constitutional rights allegedly violated. In sum, Plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show what happened, when it happened, who was involved, and how those acts violated his rights. As such, Plaintiff has not stated a short and plain statement of a claim showing he is entitled to relief.

*Improper Defendants.* Regardless of whether Plaintiff stated a claim in the proposed complaint, the Court finds several defendants are improper and claims cannot proceed against them. First, Plaintiff names the Port Townsend Police Department, the Jefferson County Sheriff's Department, and the Jefferson County Hospital. Dkt. 1-1. These defendants are not legal entities capable of being sued under § 1983. Rather, the appropriate municipality – City of Port Townsend and Jefferson County -- would be the proper defendants. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016).

To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful

conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992). Plaintiff has not named the proper municipalities as defendants and has also not alleged facts to show the municipalities are liable. *See* Dkt. 1-1. If Plaintiff seeks to sue the municipalities, he must name the City of Port Townsend and Jefferson County as defendants and allege facts sufficient to meet the required elements of a claim against a municipality and show these two municipalities violated his constitutional rights.

Second, Plaintiff appears to allege Christopher Ashcraft and James Kennedy, prosecuting attorneys for Jefferson County, violated Plaintiff's rights when he was prosecuted. Dkt. 1-1. Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). As Defendants Ashcraft and Kennedy have immunity as prosecutors, Plaintiff has failed to state a claim upon which relief can be granted.

Third, Plaintiff names Judge Mindy Walker and Judge Keith Harper as defendants. Dkt. 1-1. Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted). "Absolute immunity fails to attach to

judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted).

Plaintiff alleges "the judges" are using their power to finalize abuse against Plaintiff. Dkt. 1-1. It appears all of Judges Walker's and Harper's acts complained of here relate to the judicial process. These two judges have absolute judicial immunity from this suit. *See Olson v. Idaho State Board of Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute immunity for actions taken within their jurisdiction). There is no reasonable basis to conclude that the judges were not acting within the scope of their jurisdiction and Plaintiff fails to allege any facts that support his conclusion that Judges Walker and Harper have violated his rights. Further, "[a]llegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." *Demoran*, 781 F.2d at 158. If Plaintiff files an amended complaint, he should not pursue claims against immune defendants.

Third, Plaintiff appears to allege Richard Davies and Tom Brotherton, his defense attorneys, violated his rights. Dkt. 1-1. To state a claim for relief under § 1983, Plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [him] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). The United States Supreme Court has held that court-appointed criminal defense attorneys are not state actors, and therefore, are not subject to § 1983 liability when they are acting in the capacity of an advocate for their clients. A "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson,* 454 U.S. 312, 318 (1981). While it is not clear if Defendants Davies and Brotherton were appointed by the state court, it is clear Defendants Davies and Brotherton, as

Plaintiff's criminal defense attorneys, are not state actors. Therefore, they cannot be liable under § 1983 and Plaintiff has failed to state a claim against them.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

While it appears any attempt by Plaintiff to amend the proposed complaint would be futile, in an abundance of caution, the Court finds Plaintiff should be afforded an opportunity to amend his proposed complaint to try to state a claim. Plaintiff's proposed amended complaint, if any, should be filed on or before August 1, 2023.

**Decision on Application to Proceed IFP**. A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

Based upon the above analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 1) to August 1, 2023.

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **RENOTED** to **AUGUST 1, 2023;** and

- Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **AUGUST 1, 2023**.

Dated this 30th day of June, 2023.

David W. Christel
Chief United States Magistrate Judge