1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER ROSSEAU,<br><br>                Plaintiff,<br><br>     v.<br><br>PORT TOWNSEND POLICE<br>DEPARTMENT, et al.,<br><br>                Defendants. | CASE NO. 3:23-CV-5554-RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 8, 2023 |

The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to Chief United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On June 21, 2023, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

On June 30, 2023, the undersigned screened Plaintiff's proposed complaint and determined he failed to state a claim upon which relief could be granted. Dkt. 3. The Court determined Plaintiff should be given leave to amend to attempt to correct the identified deficiencies. *Id*. On July 24, 2023, Plaintiff filed a proposed amended complaint. Dkt. 4.

1    **Standard for Granting Application for IFP.**  The district court may permit indigent

2   litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §

3   1915(a). However, the court has broad discretion in denying an application to proceed IFP.

4   *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

5    **Plaintiff's Application to Proceed IFP.**  Plaintiff states that he is unemployed. *See* Dkt.

6   1 at 1. Plaintiff states he has $1,000 in his back account, which is one month of bills. *Id*. at p. 2.

7   Plaintiff owns a 2013 Jeep Compass and has $2,210 in monthly expenses. *Id*.

8    **Review of the Complaint.**  The Court has carefully reviewed the proposed amended

9   complaint in this matter. Because Plaintiff filed this proposed amended complaint *pro se*, the

10   Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt.

11   *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In the

12   proposed amended complaint, Plaintiff appears to allege his rights were violated when

13   Defendants and "the community" attempted to force him to leave, undermined his living

14   conditions, and harassed him. Dkt. 4.

15    ***Sua Sponte* Dismissal – Standard on Rule 12 (b).**  Pursuant to Fed. R. Civ. P. 12(b), a

16   case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal

17   jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6)

18   failure to state a claim upon which relief can be granted; and (7) failure to join a party under

19   Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is

20   clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v. Sea-*

21   *Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte*

22   under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant

23   cannot possibly win relief.").  *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-

24

1   08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous

2   complaint *sua sponte*, even in absence of an express statutory provision). A complaint is

3   frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228

4   (9th Cir. 1984).

5         **Analysis of Plaintiff's Claims**.

6         *Time-Barred.*  In his proposed amended complaint, Plaintiff alleges his rights were

7   violated by the City of Port Townsend beginning in August of 2017 and by Jefferson County

8   beginning in October of 2019. Dkt. 4.

9         A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no

10  statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under

11  state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th

12  Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in

13  Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases

14  in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

15        The Court also applies the forum state's law regarding equitable tolling for actions

16  arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts

17  permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998).

18  "The predicates for equitable tolling are bad faith, deception, or false assurances by the

19  defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable

20  tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable

21  neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

22  Washington State also allows for a tolling period when a person is imprisoned on a criminal

23

24

charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

Plaintiff filed this lawsuit on June 21, 2023. Dkt. 1. Therefore, any claim arising prior to June 21, 2020 is barred by the statute of limitations. In the proposed amended complaint, Plaintiff alleges the incidents giving rise to this case occurred beginning in 2017. Dkt. 4. From the allegations contained in the proposed amended complaint, Plaintiff had actual notice of the underlying facts in this case more approximately six years prior to filing this lawsuit. *See* Dkt. 4; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). As such, the claims in this case are untimely and Plaintiff has not pled facts showing statutory or equitable tolling is applicable. *See* Dkt. 4.

Regardless of the timeliness of the claims, Plaintiff's claims also fail to state a claim upon which relief can be granted.

*Failure to state a claim.* Plaintiff names the City of Port Townsend and Jefferson County as defendants. Dkt. 4. To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's

constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not alleged facts showing the City of Port Townsend or Jefferson County are liable under § 1983. *See* Dkt. 4. He does not allege either the City of Port Townsend or Jefferson County has a policy that amounts to deliberate indifference to his constitutional rights and that any such policy was the moving force behind any alleged wrong-doing. Therefore, Plaintiff has not stated a claim upon which relief can be granted against the City of Port Townsend or Jefferson County.

*Improper Defendants*.  Moreover, several defendants are improper and claims cannot proceed against them. First, Plaintiff appears to allege Christopher Ashcraft and James Kennedy, prosecuting attorneys for Jefferson County, violated Plaintiff's rights when he was prosecuted. Dkt. 4. Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). As Defendants Ashcraft and Kennedy have immunity as prosecutors, Plaintiff has failed to state a claim upon which relief can be granted.

Second, Plaintiff names Judge Mindy Walker and Judge Keith Harper as defendants. Dkt. 1-1. Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted). "Absolute immunity fails to attach to

1   judicial officers only when they act clearly and completely outside the scope of their

2   jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted).

3            Plaintiff alleges "the judges" are using their power to finalize abuse against Plaintiff. Dkt.

4   4. It appears all of Judges Walker's and Harper's acts complained of here relate to the judicial

5   process. These two judges have absolute judicial immunity from this suit. *See Olson v. Idaho*

6   *State Board of Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute

7   immunity for actions taken within their jurisdiction). There is no reasonable basis to conclude

8   that the judges were not acting within the scope of their jurisdiction and Plaintiff fails to allege

9   any facts that support his conclusion that Judges Walker and Harper have violated his rights.

10  Further, "[a]llegations of malice or bad faith in the execution of the officer's duties are

11  insufficient to sustain the complaint when the officer possesses absolute judicial immunity."

12  *Demoran*, 781 F.2d at 158. Therefore, Plaintiff has failed to state a claim against Judges Walker

13  and Harper.

14           Third, Plaintiff names Western State Hospital as a defendant. Dkt. 4. The Eleventh

15  Amendment bars federal actions against a state brought by its own citizens, whether the relief

16  sought is legal or equitable. *See* U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–

17  63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own

18  citizens, this Court has consistently held that an unconsenting State is immune from suits brought

19  in federal courts by her own citizens as well as by citizens of another State."). "State agencies are

20  similarly immune." *Spokane Cty. Deputy Sheriffs Ass'n v. State of Washington Dep't of Emp.*

21  *Sec.*, 317 F. App'x 599, 600–01 (9th Cir. 2008). However, "[a] state may waive its immunity if it

22  voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it

23  intends to submit itself to federal court jurisdiction." *In re Harleston,* 331 F.3d 699, 701 (9th Cir.

24

2003) (citation omitted). Here, there is no indication Washington State or Western State Hospital, a state entity, has waived sovereign immunity under the Eleventh Amendment. Furthermore, Western State Hospital is not a "person" under § 1983. Therefore, the Court finds Plaintiff cannot state a claim upon which relief can be granted as to Western State Hospital. *See Abdullah-El v. King Cnty. Mun. Ct.*, 2015 WL 402792, at *3 (W.D. Wash. Jan. 28, 2015) (finding Western State Hospital is a state entity that is immune from suit); *Banks v. Washington*, 2009 WL 3831539, at *3 (W.D. Wash. Nov. 13, 2009) (finding Western State Hospital is not a "person" under § 1983 and, therefore, not capable of being sued).

**Leave to Amend.**  Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, any attempt by Plaintiff to amend the proposed complaint would be futile. For example, several defendants are not proper defendants and additional allegations against them would not cure the deficiencies. Further, Plaintiff has been made aware of the deficiencies of his claims and the need to allege a policy to assert a claim against the City of Port Townsend or Jefferson County, yet has not corrected the deficiencies. As such, the Court finds Plaintiff should not be afforded additional leave to amend his proposed amended complaint. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

1    **Conclusion.** The Court finds Plaintiff's claims are untimely and he has failed to allege a

2    claim upon which relief can be granted. Therefore, the Court recommends the case be dismissed

3    and additional leave to amend not be given. As Plaintiff has failed to state a claim, the Court

4    recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied.

5    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

6    fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

7    6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

8    review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

9    objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

10   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

11   imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

12   September 8, 2023, as noted in the caption.

13   Dated this 21st day of August, 2023.

14

15

16   David W. Christel
     Chief United States Magistrate Judge

17

18

19

20

21

22

23

24